(55 Misc. Rep. 253)

## VALVO v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Term.  June 27, 1907.)

MASTER AND SERVANT—INJURY TO SERVANT—EVIDENCE.

> Where plaintiff, a servant of defendant, was injured, while not working and while standing or sitting very close to a passing engine, by being burned by steam and hot water emitted from the engine, and it did not appear that the discharge of steam and hot water was excessive in amount, or made other than in the usual and ordinary manner, or that the person in charge of the engine saw plaintiff, or could have seen him in the exercise of ordinary care, plaintiff was not entitled to recover.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Palvo Valvo against the New York, New Haven & Hartford Railroad Company.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

William Greenough, for appellant.
Hobart S. Bird, for respondent.

PER CURIAM.  This is an action to recover damages for personal injuries, which the plaintiff claims he sustained through the negligence of the defendant.  The plaintiff was employed to work in the yard of the defendant at Forty-Second street.  The testimony showed that at the time of the accident the plaintiff was not working.  Some of the witnesses testified that he was standing, leaning on his shovel, so as to permit the engine to pass.  Other witnesses testified, that he was sitting on a board over the "third rail," which was very close to the track over which the engine was passing.  All of the witnesses agreed that the plaintiff was very close to the engine.  While passing the plaintiff, the engine emitted steam and hot water, which burned the plaintiff on the back.  There was no proof that the steam and hot water discharged was excessive in amount, or that the discharge was made other than in the usual and ordinary manner, or that the person in charge of the engine saw the plaintiff, or that he could have seen him in the exercise of ordinary care.  The testimony did not establish the plaintiff's freedom from contributory negligence, nor did it prove the negligence of the defendant.  The motion to dismiss the complaint should have been granted, and the judgment recovered should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.